## WILLIAM L. COYNE

### *v.*

## HANNAH NEWBURG *et al.*

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*what necessary to authorize appeal from judgment of Appellate Court.* To authorize an appeal from the Appellate Court the judgment or decree of the trial court must be affirmed, or the judgment of the Appellate Court must be final, or such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court.

2. SAME—*when judgment of the Appellate Court is not appealable.* A judgment of the Appellate Court reversing a foreclosure decree and remanding the cause, with directions to the chancellor "to enter an interlocutory decree referring the cause to the master to state the account, and for such other and further proceedings as to law and justice shall appertain," and giving specific direction concerning the allowance of interest, is not a final, appealable judgment, where one of the grounds of reversal is the allowance of solicitor's fees in excess of the amount claimed without amending the bill, upon which question no specific direction is given as to the course to be pursued by the chancellor.

*Newburg* v. *Coyne*, 85 Ill. App. 74, appeal dismissed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. W. H. GEST, Judge, presiding.

J. T. & S. R. KENWORTHY, for appellant.

JESSE E. SPENCER, (SWEENEY & WALKER, of counsel,) for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a motion by appellees to dismiss an appeal sought to be prosecuted by the appellant, Coyne, from a judgment entered by the Appellate Court for the Second District, reversing and remanding, with directions, a decree of foreclosure rendered in the circuit court of Rock Island county on a bill filed by the appellant, Coyne, against the appellees. The decree of the circuit court was in the sum of $4551.48, which included the sum of $600 allowed as the fees of the solicitor for complainant. The answer set up the defense of usury, and that the mortgagors had made payments upon the indebtedness in the aggregate amounting to the full amount of the indebtedness, the alleged usurious exactions being excluded. The appellees filed also a cross-bill, setting out the same facts, in substance, as set forth in the answer, and praying the complainant in the bill should be enjoined from disposing of the notes and that the notes and mortgage should be canceled. The decree of the circuit court was adverse to the defendants to the bill of foreclosure on the issues arising under their answer and their cross-bill. The cross-bill was dismissed and decree of foreclosure entered according to the prayer of the bill.

The judgment of the Appellate Court, after finding there is error in the decree entered in the circuit court, is as follows: "Therefore it is considered by the court that, for that error and others in the record and proceed-

ings aforesaid, the decree of the circuit court of Rock
Island county in this behalf rendered be reversed, an-
nulled, set aside and wholly for nothing esteemed, and
that this cause be remanded to the said circuit court of
Rock Island county, with directions to enter an inter-
locutory decree referring the cause to a master to state
the account, and for such other and further proceedings
as to law and justice shall appertain.  Interest will be
allowed on the original debt to the time when usury was
first taken, at the contract rate, and after that at six per
cent to July 1, 1891, and at five per cent since that date.
But as to rents of other lands, if any, which may have
been included in the mortgage in suit, interest thereon
will be allowed at whatever rate was contracted for be-
tween the parties as to such rent."

The Appellate Court overruled the motion of the ap-
pellant, Coyne, for leave to remit the excess above $200
of the amount allowed by the decree for solicitor's fees.

Appellees insist this judgment is not a final judgment,
and that for that reason the appeal should be dismissed.
Section 90 of the Practice act authorizes an appeal from
the judgment of the Appellate Court, if, under the judg-
ment, no further proceeding in the cause can be had in
the trial court except to carry into effect the mandate
of the Appellate Court.  Appellant insists the judgment
of the Appellate Court is of that character, and that it is
an appealable judgment.  We think not.  If the cause,
under the remanding order, be re-docketed in the trial
court and thus comes before the chancellor for disposi-
tion, the chancellor will look to the opinion of the Ap-
pellate Court in order to be advised as to the law of the
case, and to the judgment entered by the Appellate Court
in order to be advised as to the terms and conditions of
the remanding order.  He will find the law of the case
as to the allowance of solicitor's fees expressed in the
opinion of the court, as follows:  "We think it was error
to allow $600 for solicitor's fees, under the pleadings in

the case. The bill only claimed $200, and alleged that was a reasonable fee. There was no amendment to the bill, and on what principle a complainant is entitled to recover three times the amount he claims in his bill we are at a loss to see. We do not determine the question as to whether or not the fee was reasonable for the services rendered by the solicitors, aside from the allegations of the bill. What we hold is, that the bill only claiming $200, it was error to allow a greater sum without amendment." No specific directions with relation to the course to be pursued as to the issue on the question of solicitor's fees are found incorporated in the judgment of the Appellate Court. The direction of the judgment is not only that the chancellor shall enter an interlocutory decree referring the cause to a master to state the account, but also that the cause is remanded "for such other and further proceedings as to law and justice shall appertain." In the absence of any specific directions as to the course to be pursued with relation to the matter of the solicitor's fees, the chancellor would properly regard the cause as open upon that question for "such proceedings as to law and justice should appertain," and would, if requested, permit such amendments to be made to the bill as might be necessary to give application to the evidence found in the record upon that point. This might necessitate the granting of leave to amend the answer of the defendants and also their cross-bill in respect of the question of solicitor's fees. The chancellor then, in obedience to the specific directions found in the judgment, would enter an interlocutory decree referring the cause to a master, and would incorporate in such interlocutory decree the directions found in the judgment of the Appellate Court as to the rate and manner of computation of interest on the original debt, and would also give directions to the master to ascertain if amounts due for the rents of other lands had been included in the mortgage debt, and if he found such rents had been so included, to

compute interest on such amounts at the rate it should appear from the evidence had been contracted for between the parties as to such amounts for rents. On the coming in of the report of the master it would be the duty of the court to judicially hear and determine any exceptions preserved thereto, and to judicially review and determine the correctness of the account so stated by the master in view of the evidence upon which it was based, and then to render such decree as the account stated by the master, as finally revised by the court, should warrant. The decree which would follow might be a decree of foreclosure as prayed in the original bill, but for an amount greater or less than the decree first rendered in the cause, or a decree for the cancellation of the notes and mortgage as prayed in the cross-bill.

It is, therefore, apparent the judgment of the Appellate Court is not such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court. In order an appeal may be prosecuted from a judgment of the Appellate Court to this court, the judgment of the Appellate Court must be either that the decree of the trial court is affirmed, or that final judgment is rendered in the Appellate Court, or that the judgment or decree of the Appellate Court is such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court. (Starr & Cur. Stat. 1896, chap. 110, par. 91.) The judgment of the Appellate Court sought here to be appealed from does not fall within either of the classes of judgments permitted by the statute to be brought into this court by appeal.

The motion to dismiss the appeal is granted.

*Appeal dismissed.*